ROSALIE BLANCHETTE, administratrix, *vs.* BORDER CITY
MANUFACTURING COMPANY.

Bristol.    October 28. — 29, 1886.    DEVENS & W. ALLEN, JJ., absent.

A. was employed in a room in a mill where starch was made by being cooked by
steam in a large boiler, which stood upon a raised platform, to which steps
led.   There were two covers to the boiler, each of which opened less than half-
way, and they were fastened by a button.   It was part of A.'s work to let
on the steam to the boiler and shut it off by means of a valve, when making
starch.   On a certain day, A., who had worked in the room three or four weeks,
was upon the platform, the steam suddenly lifted the covers of the boiler, and
steam and starch were blown out upon A., and he was seen shortly afterwards
on the floor of the room upon his hands and feet, by the end of the platform,
badly scalded.   *Held,* in an action by the administrator of A.'s estate against
the owner of the mill for such injuries, that this evidence did not sustain the
burden of proof which was on the plaintiff of showing due care on the part of
his intestate.

TORT for personal injuries sustained by Denis Blanchette, the
plaintiff's intestate, while in the defendant's employ.   Trial in
the Superior Court, before *Thompson,* J., who reported the case
for the determination of this court, in substance as follows :

The defendant is a corporation engaged in the manufacture of
cotton goods at Fall River.   The plaintiff's intestate was em-
ployed in a room in the defendant's mill, called the spool-room,
and was engaged in making starch or size ; and, while so em-
ployed, on July 24, 1882, he was scalded by starch or sizing from
one of the boilers in which it was being made, and died eleven
days afterwards from the injuries he received.   He had worked
for the defendant three or four weeks, was unable to speak Eng-
lish, and never worked in a mill before.

The boilers in which the sizing was being made were in a
large room, some one hundred and eighty feet long and eighty
feet wide.   There were two boilers standing near each other,
about thirty inches in diameter and about thirty inches high,
upon a platform about eight feet long and six feet wide, and
about six feet from the floor.   The ceiling of the room was
about twelve feet from the floor.   There were covers to the
boilers, and each opened a little less than half-way.   The covers
were fastened by a button which was over the lid of the cover.
There were on each end of the platform on which the boilers

stood, and close to the same, machines called slashers, which were used in putting the starch or sizing on the threads used in making cotton goods. The sizing in the boilers was heated and cooked by steam, and the steam was let on and off by means of a valve; and it was part of the work of the plaintiff's intestate to let the steam on and shut it off by that means, when making sizing or starch. In doing this, he had to go up some steps which led to the platform on which the boilers stood. These steps were on the western side of the platform, and midway between the slashers. There was no other evidence as to the construction of the boilers, the materials of which they were made, and their fitness or unfitness for the purpose for which they were used. The sizing or steam from one of the boilers went as high as the ceiling of the room, and over and upon the plaintiff's intestate, and he received the injuries complained of.

The plaintiff's intestate was last seen, before the injury, upon the platform on which the boilers were standing. The sizing was seen to fly up from the top of the boiler, a scream was heard, and he was seen shortly afterwards on the floor of the room, upon his hands and feet, by the northern end of the platform, badly scalded.

The judge, at the request of the defendant, ruled that, upon the evidence, the plaintiff was not entitled to recover; and directed a verdict for the defendant. If the ruling was right, the verdict was to stand; otherwise, the verdict was to be set aside, and a new trial ordered.

*E. L. Barney*, for the plaintiff.

*H. K. Braley*, for the defendant, was not called upon.

BY THE COURT. The only evidence in the case is, that the plaintiff's intestate, while engaged in the employ of the defendant in making starch, was injured by some of the starch being blown out of the boiler upon him. There is no evidence that the boilers were improperly constructed, or were out of repair.

For aught that appears, the accident may have happened by reason of the carelessness of the plaintiff's intestate in letting steam into the boilers, or in opening the covers of the boilers. The evidence does not sustain the burden which is on the plaintiff, to prove either due care on the part of her intestate, or negligence on the part of the defendant.        *Judgment on the verdict.*