MICHAEL EARLY v. THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY.

66  349|
67  253|
66  349|
96  548|

*Negligence—Excavation adjoining highway.*

1. Negligence must be founded on competent evidence, and will not be presumed from the bare fact of the occurrence of the accident on the defendant's land. *Gramlich v. Wurst*, 86 Penn. St. 74.

2. On the facts in this case, as stated in the opinion, the defendant is held not guilty of negligence in constructing and maintaining the turn-table into which plaintiff fell and sustained the injury complained of.

Error to Branch. (Pealer, J.) Argued May 4, 1887. Decided June 16, 1887.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*F. L. Skeels* and *H. H. Barlow,* for appellant.

*Weaver & Weaver* (*George C. Greene* and *O. G. Getzen-Danner,* of counsel), for defendant.

SHERWOOD, J. The defendant has a turn-table at Coldwater in its yards. On the night of the eighth of November, 1883, the plaintiff fell into it, and received the injuries of which he complains in this suit.

He alleges, as grounds for recovery, that the defendant kept its turn-table in close proximity to the street, and carelessly and negligently allowed the same to remain uncovered and unfenced, and in consequence of which the plaintiff, in passing the same in a dark night, missed his way, and fell into the excavation made for the table.

The cause was tried at the Branch circuit, and Judge Pealer directed the verdict for the defendant. The record

is a very brief one; still it purports to give all the evidence in the case.

Clay street runs north and south through the city of Coldwater. On the evening of the accident the defendant had been attending a party at Mr. Grosee's, east of Clay street, and was returning home when he met with his injury. It was then about 12 o'clock, and the night was very dark and stormy. Clay street passes through the defendant's depot grounds, and the turn-table was located therein, and about six feet from the west side of the street. Along this street, upon that side, there is no sidewalk, but a well-beaten path several feet wide, which was used by persons passing along the street. The testimony further shows that the turn-table has been used where it now is about 15 years, and that the plaintiff knew of its location from the time it was built; that he worked for the company 18 years, and 14 years of that time was night watchman, and knew all about the danger in passing, if there was any. The testimony tends to show that Clay street runs through a sparsely settled portion of the city, and is not very much traveled. There is testimony showing that the plaintiff during the evening, at the party, indulged in the use of several glasses of beer, but it does not appear that it in any respect disabled him from finding the way to his home, or influenced his action.

There is no question in this case but that the defendant had a right to the use of land at the turn-table to the line of Clay street, and that there is no statute requiring it to fence the street or its grounds at that point. The convenience and necessities of the company, as well as that of the public doing business with the road, require that depot grounds shall remain open and easy of access, and, unless ordinary care for protection to persons requires that the turn-table should have been fenced along Clay street, the plaintiff failed to make out a case. This turn-table was located near the other buildings of the company, and near its tracks at

this point. The table itself was a conspicuous object of warning of whatever dangers it presented, and no one was more familiar with them, it would appear, than the plaintiff himself. It was about 30 feet distant from the center of Clay street, and about six from its west side. It was about 40 feet in diameter, and four feet deep. But, with all the knowledge the plaintiff had of the premises and its dangers, it appears by the record that he not only left the foot-path, so well defined, and the street, but went over on the defendant's depot grounds for a distance of six feet, and there fell into the excavation. It would seem that more care than is shown, under the facts and circumstances above stated, should have been observed upon the part of the plaintiff.

The plaintiff, however, claims that only the negligence on the part of the defendant should be considered under the direction of the circuit judge given to the jury. We are not able to discover any negligence on the part of the company in placing the turn-table where it did, or in the manner it guarded and used it, upon the undisputed facts. We do not think the defendant constructed the turn-table so nearly contiguous to the street as to make it dangerous to travelers thereon, nor do we regard the distance from the street such "that travelers, in the ordinary aberrations or casualties of travel, may stray or be driven over the line, and be injured by fal'ing into the excavation." *Hardcastle v. South Yorkshire Ry. Co.*, 4 Hurl. & N. 67; *Howland v. Vincent*, 10 Metc. 371; *Sweeny v. Old Colony & N. R. R. Co.*, 10 Allen, 368; *Beck v. Carter*, 68 N. Y. 283; *McAlpin v. Powell*, 70 Id. 126; *Morgan v. Hallowell*, 57 Me. 377; *Pittsburgh, F. W. & C. Ry. Co. v. Bingham*, 29 Ohio St. 364; *Omaha & R. V. R. R. Co. v. Martin*, 14 Neb. 295 (15 N. W. Rep. 696); *Hargreaves v. Deacon*, 25 Mich. 1.

The fact that the plaintiff was injured at the turn-table excavation is not proof that defendant was negligent in maintaining it in the manner it did. Negligence must be

founded on competent evidence, and will not be presumed from the bare fact of the occurrence of the accident on the defendant's land.   *Gramlich v. Wurst*, 86 Penn. St. 74.

The court committed no error in excluding other and previous accidents occurring at the same place.

There was no testimony tending to show any negligence on the part of the defendant, and the instruction of the court to the jury was correct.   The judgment must be affirmed.

CAMPBELL, C. J., and CHAMPLIN, J., concurred.

MORSE, J. (*dissenting*).   In this case the facts show without dispute that the turn-table was only five and one-half feet from the west line of a traveled street.   There was no sidewalk upon the west side of the street, but there was a well-developed and well-used foot-path, which answered the same purpose as a sidewalk for foot passengers.   The night was very dark and stormy, a night wherein it is most difficult to exactly keep the road.   The plaintiff offered to show that people upon dark nights frequently fell into this unfenced and unprotected hole.

No person nor railroad corporation is justified in making near a public road an excavation of this kind,—a hole so near the highway "that travelers, in the ordinary aberration or casualties of travel, may stray or be driven over the line, and be injured by falling into the excavation."   Whart. Neg. § 349.   This hole was so near that one stumbling would, by his own length, in falling, go into it.   *Hardcastle v. South Yorkshire Ry. Co.*, 4 Hurl. & N. 67; *Barnes v. Ward*, 9 C. B. 392; *Hadley v. Taylor*, L. R. 1 C. P. 53; Cooley, Torts, 660; Wood, Nuis. § 271; Add. Torts, § 222.

This turn-table was a death trap to passers-by upon the street on a dark night, and, in my opinion, the case should have been submitted to the jury.   The defendant, under the proofs, was negligent as a matter of law, and the negligence of the plaintiff was a question of fact.