## JOHN P. CORCORAN v. THE CITY OF DETROIT.

*Municipal corporations—Defective street—Contributory negligence —Trial—Order of proof—Evidence—Remarks of court.*

1. Driving rapidly over a highway, where defects are plainly visible, has, under some circumstances, been held contributory negligence.

2. Where the plaintiff in a negligence case received the injuries complained of by being thrown from his road cart while driving along a street in the night, and the evidence is conflicting as to the condition of the street, and the only evidence of fast driving is the testimony of the driver, that he "did not drive up a pretty good jog," but that he was "hurrying along," and of the plaintiff, that he was "not in much of a hurry, just a fair rate of speed," the questions of negligence and contributory negligence are properly submitted to the jury.

3. It is within the discretion of the court to permit the plaintiff in a negligence case, after defendant has rested, to call a witness to give further proof as to the condition of the street where the accident occurred.

4. It is competent for the witness to testify to the general bad condition of the street in the vicinity of the place of the accident, as bearing upon the question of notice; but testimony that the witness broke his buggy there about the time of the accident is inadmissible, but, if volunteered, and no motion is made to

strike it out, the judgment will not be reversed on account of it.

5. Where the undisputed evidence establishes the fact of ·the injury complained of, it is not reversible error for the court in his charge to state to the jury that "there is no doubt plaintiff has been severely injured."

Error to Wayne. (Brevoort, J.) Argued January 20, 1893. Decided March 10, 1893.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*John J. Speed,* for appellant.

*Thomas Hislop (John Atkinson,* of counsel), for plaintiff.

HOOKER, C. J. Plaintiff recovered a judgment against defendant for personal injuries received by being thrown from his road cart upon Woodward avenue, in the city of Detroit. The principal error complained of is that the court did not direct a verdict for the defendant; it being claimed that the evidence clearly showed that the highway was in a very bad condition, and that plaintiff knew it, yet he drove at an improper rate of speed over the defective street.[1]

Driving rapidly over a highway, where defects are plainly visible, has, under some circumstances, been held contributory negligence. In this case, however, the accident occurred in the night, there is some dispute over the character of the street, and the only evidence of fast driving is the testimony of the driver, who said that he " did not drive up a pretty good jog," but did admit that he was " hurrying along; " and of the plaintiff, who said he was "not in much of a hurry; just a fair rate of speed." We

---

[1] Counsel cited, in support of this contention: *Abernethy v. Van Buren,* 52 Mich. 383; *McCool v. City of Grand Rapids,* 58 Id. 41, 45; *Zanger v. Railway Co.,* 87 Id. 646.

think that the circuit judge was right in submitting the questions of negligence and contributory negligence to the jury.

F. L. Brooke was called as a witness for the plaintiff, after defendant rested, to give further proof of the condition of the street. This was not rebutting, but was within the discretion of the trial court. The witness tes'ified to the general bad condition of the street in the vicinity of the accident, and said that he broke his buggy there about the time that plaintiff received his injury. This proof of the condition of the street was admissible as bearing upon the question of notice. The testimony regarding the injury to the buggy of the witness, however, was immaterial. It was volunteered in answer to a proper question. No motion to strike out this testimony was made, and we think the judgment should not be reversed on account of it.

In his charge the court said: "There is no doubt plaintiff has been severely injured." Considering the known predilection of jurors in this class of cases, this language may have been uncalled for, but the undisputed evidence clearly established the fact, and we cannot say that error was committed by the judge in saying so.

The judgment will be affirmed.

The other Justices concurred.