## WOODWORTH v. DETROIT UNITED RAILWAY.

1. RAILROADS—NEGLIGENCE—DEFECTIVE CROSSING — EVIDENCE — PRIOR ACCIDENTS—ADMISSIBILITY.

    In an action against a railroad company for a wrongful death resulting from deceased's vehicle catching in a vacant space between the planking and defendant's track at a crossing, evidence of prior accidents of a similar nature is admissible to show negligence on the part of defendant in maintaining its crossing in that manner. *Gregory* v. *Detroit United Railway,* 138 Mich. 368, overruled.

2. SAVING QUESTIONS FOR REVIEW—EXCEPTIONS—NECESSITY.

    Whether the court erred in permitting a view, and in subsequently permitting plaintiff to prove alterations in the premises since the accident, will not be considered where no objection or exception was taken to the rulings.

Error to Oakland; Law, J., presiding. Submitted January 21, 1908. (Docket No. 111.) Decided May 27, 1908.

Case by Willis Woodworth, administrator of the es-

tate of Rex Woodworth, deceased, against the Detroit United Railway for the negligent killing of plaintiff's intestate. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Brennan, Donnelly & Van De Mark* and *James H. Lynch,* for appellant.

*Dohany & Dohany,* for appellee.

CARPENTER, J. About three and one-half miles east of Farmington Junction defendant's railway crosses the roadbed of Grand River road at an acute angle. This crossing is called the Volney Smith crossing. As Rex Woodworth, plaintiff's intestate, attempted to drive over this crossing, the left front wheel of his wagon caught in a vacant space between the rail and the planking; his horse could not move it, and a car operated by defendant collided with his vehicle and killed him. This suit was brought to recover compensation. The issue was submitted to a jury who rendered a verdict in plaintiff's favor. We are asked to reverse the judgment entered upon said verdict for several reasons.

1. Plaintiff was permitted to prove by one of defendant's employés, a section man, that at least a dozen rigs had been stuck in this crossing in the same way as was that of plaintiff's intestate; that the first of these occurrences happened about two years before; the others from time to time up to about a month before the disaster in suit, and on one of these occasions a wagon wheel was broken. This testimony was received notwithstanding the circumstance that counsel for defendant admitted in open court that "whatever the condition of that crossing at the time in question, defendant had full knowledge of it and had full knowledge of it at least six months prior thereto. We do not admit that it was defective." Defendant relies upon the case of *Gregory* v. *Railway,* 138 Mich. 368. That case was very similar to this, and we

there decided that testimony like that under consideration was inadmissible. We said:

"Evidence was received, under objections and exception, to show prior accidents of a similar character at this same place. Such testimony is only admissible to show notice and knowledge of the defects. *Grand Rapids, etc., R. Co.* v. *Huntley*, 38 Mich. 537; *Corcoran* v. *City of Detroit*, 95 Mich. 84; *Alberts* v. *Village of Vernon*, 96 Mich. 549.

"Defendant's counsel upon the trial admitted that the condition of the rails and street at this point was the same as it had been from the 1st of December previous. The sole question, therefore, was the condition of the street, and whether its condition was negligence. Proof of prior accidents was immaterial, and would naturally tend to prejudice the defendant."

I participated in that decision and approved the foregoing reasoning and am bound to admit that I am as responsible for it as if I had written it. I am compelled now to say that, in my judgment, the decision was erroneous, and I think we should take this, the first opportunity, of overruling it.

It is apparent from the above quotation that it was our opinion that testimony of prior accidents was admissible for the purpose of establishing defendant's knowledge of the condition of the street, but not for the purpose of proving negligence. Here is where I think we erred. I think such testimony has a bearing upon the question of negligence. None of the authorities cited in the opinion in *Gregory* v. *Railway*, supra, touch this question. None of the authorities of other States which hold that testimony of prior accidents is not admissible have any bearing, for we hold it admissible, and with the exception of *Gregory* v. *Railway*, there is nothing in our decisions which indicates that it is not admissible for all legitimate purposes. Such testimony has a legitimate bearing upon the issue of negligence. In this case the burden rested upon plaintiff to prove not only the existence of this space between the rail and the planking, but also to prove that

it was negligent for the defendant to leave that space in that condition. In determining the question of negligence, it becomes important to inquire: Should defendant have anticipated that the wheels of wagons attempting to cross its railway would get caught in this space? Testimony that wagons had actually been so caught a dozen times in two years, especially if, as may be inferred, these occurrences were known to defendant, answers this question, or, at least, affords great aid in answering it.

In *Hoyt* v. *Jeffers*, 30 Mich. 181, this court said:

"With actual notice of the danger from this cause [the throwing of sparks from the chimney of a saw mill], the defendant might justly be held to a somewhat stricter measure of diligence, than if ignorant of it, and to some extent this might make that negligence which otherwise would not be so."

In *Smith* v. *Township of Sherwood*, 62 Mich. 165, plaintiff brought suit to recover for damages resulting from his horse shying at a hole in a bridge. This court held that testimony proving that other horses had shied at this hole was properly admitted, saying:

"The evidence was therefore competent to show the existence of the defect for some time, and that it was calculated to frighten horses. It tended to show the dangerous character of the hole in the bridge, and, as more or less publicity would naturally be given to such occurrences, it also tended to show that knowledge of such dangerous character was brought to the attention of the township authorities."

See, also, *Lombar* v. *Village of East Tawas*, 86 Mich. 14; *Retan* v. *Railway Co.*, 94 Mich. 146; *Darling* v. *Westmoreland*, 52 N. H. 401; *House* v. *Metcalf*, 27 Conn. 631; *District of Columbia* v. *Armes*, 107 U. S. 519.

I conclude, therefore, that no error was committed in receiving the testimony under consideration.

2. Complaint is made because the trial judge permitted the jury to view the scene of the disaster; and

3. Because he subsequently permitted plaintiff to prove that a change had been made whereby the traveled portion of the road crossed said highway at a less acute angle than it did at the time plaintiff's intestate was killed.

If there was no error in permitting the jury to view the scene, there was no error in the introduction of the testimony complained of; for it was necessary to introduce that testimony to prevent their getting an erroneous impression. We dispose of each of these complaints when we say that we cannot hold that the trial judge erred in permitting the jury to view the scene. No objection was made to his ordering that view, and no exception was taken. The question is not, therefore, before us.

No other question demands consideration.

The judgment is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.

GRANT, C. J. (*concurring* ). I concede that there are cases where results are indicative of negligence, and are therefore admissible in evidence. If *Gregory* v. *Railway*, 138 Mich. 368, can be justly construed as stated in my Brother CARPENTER'S opinion, and if the profession so understand it, it should be modified, or, if necessary, overruled. However, a careful reading of the opinion and of the record and briefs in that case will show that it does not hold that the evidence of accidents (without detailing them), or of the conditions which might result in accidents, is not competent. No such question was raised in that case before the trial court or in the briefs of counsel in this court. I have re-examined them. Upon the trial, after the concession made by the defendant that the crossing was in the same condition that it had been for a long time before the accident, counsel for plaintiff stated "that the evidence was offered for the purpose of showing that the rail at that place extended above the level of the street; also as constructive notice to the com-

pany, defendant." Counsel for plaintiff, Gregory, stated their position in their brief as follows:

"This testimony is admissible for the purpose of showing a continuation of the defect in question, from which continuation notice to the defendant may be inferred."

Therefore the question now before us was not presented in that case. The authorities cited in that opinion (written by the writer of this) do, in my judgment, sustain the rule that, under the circumstances in the *Gregory Case*, and the contentions and concessions of counsel therein, evidence of prior accidents was immaterial. The question, however, in my judgment, is of no consequence in this case, since the trial judge, when his attention was called to the *Gregory Case*, emphatically instructed the jury to disregard the evidence complained of. I, therefore, concur in affirming the judgment.