## BRANCH v. KLATT.

1. EVIDENCE—SIMILAR ACCIDENTS—NOTICE—NEGLIGENCE — THEATERS AND SHOWS.

> Evidence of accidents similar to the one that is in litigation, and occurring prior thereto, is admissible to prove both notice of the defect and negligence: subsequent occurrences are not, however, competent.[1]

[1] The authorities on the question of the admissibility of evidence of condition, before and after accident, of property whose defects are alleged to have caused injury, are reviewed in an exhaustive note in 32 L. R. A. (N. S.) 1084.

As to liability generally of one maintaining place of amusement to which the public are invited, for safety of patrons, see notes in 3 L. R. A. (N. S.) 1132; 19 L. R. A. (N. S.) 772; 32 L. R. A. (N. S.) 713.

2. SAME.

And a general question calling for testimony as to accidents either before or after plaintiff's injury, and assuming, without any basis, that certain disputed facts were proved, was correctly ruled out.

3. SAME—NEW TRIAL.

Under conflicting testimony of interested and disinterested witnesses on both sides, claiming on one side that the hall in which plaintiff fell was not lighted and that railings had not been constructed at the place where plaintiff claimed to have fallen, but disputed on the other side, the court was justified in refusing a new trial.

4. SAME—MOTIONS—NEWLY DISCOVERED EVIDENCE.

Certain testimony taken before a circuit court commissioner after judgment, and used as a basis for a motion for a new trial, considered by the trial judge to be merely cumulative and not liable to cause a different result on a new trial, addressed itself to the discretion of the court, and unless such discretion was manifestly abused, it could not be reversed.

5. SAME.

*Held,* also, that the newly discovered evidence related only to an issue that might not have been decisive of the case, *i. e.,* the presence of handrails, and the jury may have determined that the hall and stairway was properly lighted and handrails unnecessary.

Error to Wayne; Codd, J. Submitted October 11, 1912. (Docket No. 28.) Decided November 8, 1912.

Case by Teresa Branch against William F. Klatt for personal injuries. Judgment for defendant. Plaintiff brings error. Affirmed.

*Patrick J. Kelaher (McHugh, Gallagher & McGann,* of counsel), for appellant.

*Luman W. Goodenough* and *Irvin Long,* for appellee.

STEERE, J. Plaintiff instituted this action to recover damages for personal injuries imputed to defendant's negligence in failing to provide and maintain a safe and suitable stairway leading to his theater.

Defendant was proprietor of a place of public entertainment known as the Bijou Theater, located on the second floor of a building numbered 24, on Monroe avenue, in the city of Detroit. The ticket office of said theater was situated on the first floor of the building at the street entrance, where patrons attending the performances purchased tickets of admission. Having procured these, they were allowed to ascend the stairway leading to the second floor and enter the theater. On the afternoon of October 21, 1909, plaintiff patronized said place of amusement where a continuous moving picture performance was in progress. She took a seat, witnessed the regular bill of said show, and then withdrew. On making her exit by said stairway, she fell down a flight of eight steps, sustaining, as is alleged, serious injuries.

This case has been twice tried in the circuit court, and is now here a second time for review. On the first trial the case was taken from the jury; a verdict and judgment being directed and entered by the court in favor of the defendant, on the ground of contributory negligence. Plaintiff thereupon brought the proceedings to this court for review on a writ of error. It was here held on the record as then made that issues of fact were involved which should have been left to the jury to decide under proper instructions. The judgment was reversed and a new trial granted. The opinion then rendered, reported in 165 Mich. 666 (131 N. W. 107), furnishes a complete and clear statement of the case, and contains a diagram of the entrance to the theater, showing the landings and steps constituting part of the stairway down which plaintiff fell. On a retrial in the circuit court the case was submitted to a jury, again resulting in a verdict and judgment in favor of defendant. A motion for a new trial was made and denied. Plaintiff again seeks a reversal, presenting two assignments of error, as follows:

"(1) The court erred in excluding the following question: 'How many times per day while you were standing

173 MICH.—3.

in the rear of that theater did you find people stumbling across that place ?'

" (2) The court erred in denying plaintiff's motion for a new trial."

The first assignment of error approaches a question which has been the subject of serious consideration and somewhat conflicting opinions in this court as well as in other jurisdictions. The two cases of *Early* v. *Railway Co.*, 66 Mich. 349 (33 N. W. 813), and *Langworthy* v. *Green Township*, 88 Mich. 207 (50 N. W. 130), are cited by counsel for defendant as holding that proof of previous accidents occurring at the same place as the one giving rise to the litigation is not permissible. In the *Early Case* it was said:

" The court committed no error in excluding other and previous accidents occurring at the same place."

And in the *Langworthy Case:*

" A witness was asked by defendant's counsel if he had ever heard or known of any one being injured on that obstruction before this, but the court properly excluded the testimony. *Hodges* v. *Bearse,* 129 Ill. 87 (21 N. E. 613)."

It would seem in this case that the interrogator was seeking to prove a negative. To the extent these authorities tend to substantiate the rule defendant contends for, they must be regarded as somewhat out of tune with others which came before and after them. See *Grand Rapids, etc., R. Co.* v. *Huntley,* 38 Mich. 537 (31 Am. Rep. 321); *James* v. *Mining Co.,* 55 Mich. 335 (21 N. W 361); *Smith* v. *Sherwood Township,* 62 Mich. 159 (28 N. W. 806); *Thorsen* v. *Babcock,* 68 Mich. 523 (36 N. W. 723); *Lombar* v. *Village of East Tawas,* 86 Mich. 14 (48 N. W. 947); *Retan* v. *Railway Co.,* 94 Mich. 146 (53 N. W. 1094); *Corcoran* v. *City of Detroit,* 95 Mich. 84 (54 N. W. 692); *Alberts* v. *Village of Vernon,* 96 Mich. 549 (55 N. W. 1022).

In *Gregory* v. *Railway,* 138 Mich. 368 (101 N. W.

546), it was held that "such testimony is only admissible to show notice and knowledge of the defects," but this was overruled in *Woodworth* v. *Railway*, 153 Mich. 108 (116 N. W. 549), and it now stands as the law in this State that evidence of prior similar accidents in the same place, the conditions being shown to remain unchanged, is admissible to prove both notice of the defect and negligence. It is not permissible, however, to prove that others stumbled in the same place after the accident. *McGrail* v. *City of Kalamazoo*, 94 Mich. 52 (53 N. W. 955).

The question asked in the case at bar, exclusion of an answer to which is alleged as error, assumed facts not proven, and was so framed as to include accidents occurring both before and after the one in issue. It called for incompetent as well as competent testimony, and the record contains no intimation of what the answer would have been. No proposal or offer was made to show that other persons did in fact stumble across that place prior to the time plaintiff fell. The question asked did not properly present that issue. It was objectionable in substance in part and in form as a whole. The objection was properly sustained.

The reasons upon which plaintiff's motion for a new trial was made are stated as follows:

"(1) Because the said verdict was contrary to the weight of evidence adduced at the trial of said cause.

"(2) Because the jury erred in its finding as to the special question submitted to it, at the request of the defendant.

"(3) Because the testimony of the said defendant, and the witnesses produced by him, so far as the same pertained to the time when the railing down the steps leading from the aisle of said theatre had been placed in position, was erroneous and false.

"(4) Because the testimony of said defendant and the witnesses sworn in his behalf as to the manner of keeping a record of the business of said defendant prior to and at the time of and subsequent to the accident, which was the

basis of the plaintiff's cause of action, was erroneous and false.

"(5) That the testimony of said defendant was false and erroneous in the following answers given to the following questions."

This is followed by several pages of questions and answers extracted from the testimony of defendant and one of his witnesses, all of which is alleged to be "false and erroneous."

The grounds of negligence alleged in plaintiff's declaration are, briefly stated, failure to equip the stairway with suitable railings on each side, failure to provide them with sufficient lights to enable plaintiff to see where the stairs and landings began and ended, and failure, either by signs and proper notices or by attendants, to inform and advise her of the conditions and dangers.

On the trial of the case plaintiff was sworn and testified to the time and circumstances of her attending the theater and falling when making her exit. After describing the stairway and manner in which it was arranged and equipped, her testimony, appearing in the printed record in narrative form, is as follows:

"At the time I met with the accident, there was no railing down this curved step. I had entered the theater safely and witnessed the performance, and was leaving while an act was in progress. The Bijou is one of the so-called continuous moving picture theaters. It was dark in the theater when I started to leave, and I felt my way down the first flight of three steps. I saw where the other flight started to lead down stairs and walked toward it. I had been in this theater but once before, some months previous, and did not know about the curved step, and, being unable to see it, I walked right off, and was thrown down the flight of eight steps to the first landing. I sustained serious injuries. There was no one leaving the theater at the same time with me, nor immediately in front of me. There was no railing or support down the first three steps, over the single step, or along the wall leading down the first flight of eight steps."

At the conclusion of her examination plaintiff rested her

case. Thereupon the defendant, to maintain the issue on
his part, produced seven witnesses, including himself,
who gave abundance of positive testimony that suitable
handrails were present in the stairway at the time of, and
long before, the accident, and that the exit was amply
equipped with electric lights, both arc and incandescent,
to enable persons to plainly see the steps and landings
when ascending or descending. Five of these witnesses
were present on the occasion in question, and testified
that these lights were turned on and clearly lit the stairs,
throwing plenty of light on the landing so that every-
thing was distinct and plain. In so-called rebuttal,
though more properly a part of her main case, plaintiff pro-
duced four witnesses who testified to having patronized
the theater before the accident, and that there were no
railings down the curved steps, but that they were put
there after plaintiff fell. During the progress of the trial
a recess was taken by consent of counsel, and judge and
jury visited the premises and inspected the place where
the accident occurred.

In connection with his charge the court submitted to
the jury the following question, proposed in writing by
defendant's counsel:

"Were there any railings leading down to the curved
step in defendant's theater at the time of the accident?"

In harmony with their general verdict in favor of de-
fendant the jury answered "Yes" to the special question.
There was an abundance of positive and negative testi-
mony in sharp conflict as to the existence or nonexist-
ence of facts alleged as grounds of negligence, given by
both interested and apparently disinterested witnesses on
each side. As heretofore held by this court, the case
clearly involved issues of fact for the jury. The charge
of the court, against which no error is assigned, plainly
instructed the jury as to the nature of the case and the
questions of fact within their province to decide. In view
of the abundance of conflicting testimony on those issues,

we cannot conclude that the "verdict was contrary to the weight of evidence adduced at the trial," or that "the jury erred in its finding as to the special question submitted to it at the request of the defendant."

The remaining reasons urged by plaintiff in support of her motion for a new trial relate to the time when the railings down the stairway leading from the aisle of the theater were put in position; it being charged that defendant's testimony at the trial on that issue was manifestly false, misleading, and evasive. This claim is based largely on certain depositions taken by plaintiff subsequent to the trial before a commissioner.

At the trial defendant William Klatt testified that the rails leading from the center aisle to the curved steps were put up about four years previous, about the time the theater was remodeled, and had remained there since. On his subsequent examination before the commissioner, he again so testified, and further stated that said rails were included among the repairs made by certain contractors, that he did not know whether they had any plans and specifications for the work, and had no accounts or other written evidence showing when or by whom the rails were put in. Richard Mildner, a member of the firm of Mildner & Eison, architects, testified before the commissioner that his firm prepared the plans and specifications for remodeling the theater, and that these plans, which he produced, showed no railings down the steps; that, if any were placed there, it must have been done afterwards. Otto Damm, a member of the firm of contractors who had the contract of remodeling, identified the plans as those under which the work was done. He did not remember anything about the rails, but stated his books would show if they put them in. He later produced the books of his firm which showed no entries relating to installing any handrails down the first three flights of steps leading from the aisle of the theater. A witness named Christine Brewee testified before the commissioner to working at the theater when it was remodeled; that it was more than three months later

when the stair railings were installed; guessed it was more than six months later; that they were put in later, of course, but witness did not know exactly when.

It is the contention of plaintiff that the testimony as a whole, particularly emphasized by that taken before the commissioner after the trial, shows that defendant and his witnesses not only testified falsely as to when and by whom the rails were installed, but made a studied attempt to mislead and conceal facts which might help towards ascertaining the truth. In his reasons for denying the motion for a new trial the learned circuit judge, referring to the answer made by the jury to the special question, said:

"The claim that this testimony is false is based mainly upon further testimony relative thereto taken before a circuit court commissioner. I do not find, however, from this testimony that there is any material change in that which was given upon the trial; and the arguments which were submitted to the court, with inferences of counsel therefrom, were the same as those submitted to the jury at the time of the trial. The jury manifestly believed the testimony that was presented. They had full opportunity with the court to note the appearance of the witnesses on the stand, and were given an opportunity to personally examine the railing in question by a visit to the premises had during the trial by consent of both parties. I see no reason why the finding of fact made by the jury in this regard should be set aside."

It can safely be said that, in the absence of the depositions subsequently taken before a commissioner, the motion for a new trial would not call for serious consideration. These depositions which are chiefly relied upon by counsel in urging the second assignment of error are to be considered in like manner as is newly discovered evidence presented by affidavits in support of a motion for a new trial.

It is recognized as a general rule that a motion for a new trial upon that ground is not regarded with favor, and, to prevail, it must appear to the satisfaction of the

court that the evidence itself, and not its materiality, is newly discovered; that the party could not with reasonable diligence have discovered and produced it at the trial; that it is not cumulative merely, unless it be so strong and convincing as to render a different result probable; and that such result is in fact probable and the legitimate, logical effect of such evidence would be on a retrial to reverse the former verdict.

Whether the newly discovered evidence is of such a character and a different conclusion ought to follow, or is probable on a retrial is a question primarily and peculiarly addressed to the good judgment and discretion of the trial judge who heard and saw the witnesses, and is familiar with the visual conditions of the case. That discretion will not, as a rule, be disturbed except in case of manifest abuse.

It is further to be observed that the depositions, as well as the special question complained of, relate only to the time when the handrails were put in the stairway, and do not touch the issue of whether the stairway was properly lighted, or in any way attack the testimony of defendant's witnesses on that question. The issue as to the presence of rails was not necessarily a controlling one. The question of plaintiff's contributory negligence was involved, and it was also a question for the jury whether or not failure to supply handrails was negligence under the circumstances shown in this particular case. If the stairway was broad, with easy steps and well lighted, it could with reason be contended that the absence of handrails was not. Plaintiff, according to her own testimony, was alone, departing at her leisure, with abundance of time, undisturbed by any rush or crowd, and fell, not because there was no railing, but because it was dark. She says:

"It was dark in the theater when I started to leave and I felt my way down the first flight of three steps, * * * did not know about the curved step, and, being unable to

see it, I walked right off and was thrown down the flight of eight steps to the first landing."

The inference from her testimony is that if the place had been plainly lighted, so that she was able to see clearly, she would not have fallen. Against her testimony that the stairway was dark, the defense opposed the testimony of numerous witnesses that it was well lighted. If the jury believed defendant's testimony as to the lights, they could legally find that defendant had discharged his duty to plaintiff regardless of the presence of handrails.

We find no error in the decision of the trial court denying plaintiff's motion for a new trial.

The judgment is affirmed.

MOORE, C. J., and MCALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.