FREED *v.* SIMON.

1. NEGLIGENCE—EVIDENCE OF PRIOR ACCIDENTS.

Evidence of prior accidents at the same place and arising from the same cause is admissible not only to show defendant's notice or knowledge of the defective or dangerous condition alleged to have caused the accident, but to show the defendant's negligence on the theory defendant, having notice or knowledge of the defect, is held to the duty of exercising such care as would a reasonably prudent person having such notice or knowledge.

2. SAME—REJECTION OF EVIDENCE OF PRIOR ACCIDENT—OWNER'S KNOWLEDGE OF DEFECTIVE CATTLE TRAILER.

The rejection of testimony of witnesses of prior fall of another party through the same hole in the floor of a cattle trailer as plaintiff fell through and received injuries for which he sought recovery *held,* reversible error, where there is evidence that the hole was covered by the owner but that the covering lasted only a short time.

Appeal from Gratiot; Cash (Paul R.), J. Submitted April 2, 1963. (Calendar No. 8, Docket No. 49,778.) Decided July 17, 1963.

Case by Kenneth Freed against Leo Simon, doing business as Alma Iron and Metal Company, for personal injuries sustained in fall through defective floor of trailer. Verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 38 Am Jur, Negligence §§ 313, 314.

*Mitts, Smith & Haughey (Sherman H. Cone,* of counsel), for plaintiff.

*Cartwright, Walker & Stenglein (Harvey D. Walker,* of counsel), for defendant.

Per Curiam. Plaintiff-appellant's stated question No. 1 has been duly accepted by defendant-appellee. See section 1 of former Court Rule No 68 (1945), now GCR 1963, 814.1. Our decision is that such stated question should be answered in the affirmative and that the appealed judgment for defendant-appellee must be reversed for prejudicial rejection of admissible testimony.

The question sufficiently indicates the nature of the case, plaintiff's proffer of rejected testimony, and the trial judge's ruling thereon. It reads:

"In an action to recover damages for injuries received as a result of a fall through a hole in a trailer floor, is evidence of a prior fall by another party through the same hole and evidence of the prior condition of the floor admissible to prove the existence and nature of the hole, knowledge on the part of the owner, and negligence, where there is evidence that the hole was covered by the owner, but that the covering lasted only a short period of time?"

We need only add these facts: The hole as alleged was in the floor of a "converted cattle trailer." The trailer was furnished by defendant for use by plaintiff's employer and the latter's employees. The case factually is therefore much akin to *Erickson* v. *Soyars,* 356 Mich 64.

That our pertinent decisions once were in conflict is a fact of judicial history. That the Court ultimately came to grips with the situation appears from due examination of *Branch* v. *Klatt,* 173 Mich 31, 34, 35, and *Sullivan* v. *Detroit & W. Ferry Co.,* 255

Mich 575, 578, 579. We accept these cases as settling the question and reaffirm the holding thereof, that "evidence of prior accidents has always been admissible to show defendant's notice or knowledge of the defective or dangerous condition alleged to have caused the accident," and that "the rule now seems to be established that evidence of prior accidents at the same place and arising from the same cause is admissible not only to show defendant's notice or knowledge of the defective or dangerous condition alleged to have caused the. accident, but to show the defendant's negligence on the theory defendant, having notice or knowledge of the defect, is held to a higher degree of care by reason of his notice of such dangerous condition than he otherwise would be."* See citation of the *Branch* and *Sullivan Cases* in support of the annotator's conclusion (70 ALR2d 167, 172, 174, annotating the "Admissibility, on issue of defendant's negligence in respect of condition of place where plaintiff was injured, of evidence of prior accidents or injuries at same place") :

"Subject to the general requirements of similarity of conditions, reasonable proximity in time, and avoidance of confusion of issues, the courts have generally recognized that evidence of the occurrence of a prior similar accident at the same place as the accident in suit has some tendency to establish a dangerous or defective condition at the place in ques-

---

* In view of recent criticism of expressions as in the final quoted phrase (see *Frederick* v. *City of Detroit,* 370 Mich 425), we amend the quotation so that it read as follows:

"The rule now seems to be established that evidence of prior accidents at the same place and arising from the same cause is admissible not only to show defendant's notice or knowledge of the defective or dangerous condition alleged to have caused the accident, but to show the defendant's negligence on the theory defendant, having notice or knowledge of the defect, *is held to the duty of exercising such care as would a reasonably prudent person having such notice or knowledge."*

tion and may be admitted for this purpose, in actions where the dangerous condition of the place in question is at issue."

Under the foregoing rule the rejected testimony of witnesses Martinez, Morgan, George Nisonger, and Robert Nisonger should have been formally received in evidence and left to jury consideration. Rejection thereof constituted reversible error. The judgment of the circuit court is therefore reversed and the case is remanded for new trial. Costs to plaintiff.

KELLY, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.

CARR, C. J., and DETHMERS, J., concurred in result.