**Carol PETTYJOHN, Plaintiff–Appellee,**

v.

**KALAMAZOO CENTER CORPORATION d/b/a Kalamazoo Hilton Inn, a Michigan Corporation, Defendant–Appellant.**

No. 87–1513.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 22, 1988.

Decided Feb. 28, 1989.

Rehearing and Rehearing En Banc Denied April 12, 1989.

John J. Conlon (argued), John J. Conlon & Associates, Portage, Mich., plaintiff-appellee.

Dennis E. McGinty, McGinty, Brown, Jakubiak, Frankland & Hitch, P.C., East Lansing, Mich., Thomas M. Hitch (argued), for defendant-appellant.

Before MARTIN, and NELSON, Circuit Judges, and EDWARDS, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Kalamazoo Hilton Inn appeals the improper admission at trial of the deposition testimony of Thomas Oehmke explaining the circumstances of a prior slip and fall at the Hilton in 1978 told to him by Dr. Feuer. Kalamazoo Hilton objects to Oehmke's testimony principally as both hearsay and irrelevant for the purpose of showing notice of a dangerous condition which allegedly resulted in Pettyjohn falling in a combination shower and bath unit.

Carol Pettyjohn stayed at the Kalamazoo Hilton on August 19, 1980 where she slipped and fell in a shower and bath tub which contained adhesive strips on the bottom of the tub but no side rails or towel racks. There was a ledge towards the front of the stall where soap was placed. When Pettyjohn reached up to put the soap along the ledge of the tub, she fell. She struck and injured her left arm and hit her head.

At trial, Thomas Oehmke, the attorney for a Dr. Feuer in a previously settled slip and fall claim against Hilton in 1978, testified on deposition to the facts surrounding the fall of Dr. Feuer and the condition of the shower in 1978 as told to him by Dr. Feuer.

The district court denied Hilton's motion in *in limine* to strike or exclude the deposition testimony of Thomas Oehmke as irrelevant testimony of a prior dissimilar accident and held that the deposition testimony was relevant and admissible. The district court further stated that Hilton has waived its objections to Oehmke's testimony on hearsay grounds since the testimony was given in response to Hilton's questions, even though Hilton had a continuing objection as to the relevancy of Oehmke's entire testimony. At trial, Hilton renewed its objections as to the hearsay nature of Oehmke's testimony. The court again overruled the same objections stating that Oehmke's testimony was not being used for its truth but to show that Dr. Feuer gave information concerning his fall to Oehmke.

Hilton argues that Oehmke's testimony regarding the accident of Dr. Feuer was inadmissible because Oehmke's testimony was not relevant to show notice of an unsafe condition in the shower/tub at Hilton since the district court had found that Dr.

Feuer's accident was dissimilar to the later accident of Pettyjohn. *Freed v. Simon*, 370 Mich. 473, 122 N.W.2d 813 (1963). Hilton also claims that Oehmke's testimony relating Dr. Feuer's explanation to Oehmke of his accident was hearsay.

 We believe that the district court incorrectly applied *Freed v. Simon*, 370 Mich. 473, 122 N.W.2d 813 (1963), which states that evidence of prior accidents *at the same place* and arising from *the same cause* is admissible to show defendant's notice or knowledge of the defective or dangerous condition alleged to have caused the accident *and* to show the defendant's negligence on the theory that defendant, having notice or knowledge of the defect, is held to a higher standard of care. *Id.* at 475, 122 N.W.2d 813. At trial, the district court ruled that the two accidents were not similar:

> The court cannot say that given the potential for confusion of a jury in listening to conditions of the prior accident and given the dissimilarities of the conditions which gave rise to each of these accidents, and given the time span involved, two years, ... the court is of the opinion that the two accidents are not sufficiently similar that the testimony should be used as evidence of negligence....

In jury instructions, the district court informed the jury that the jury could not consider Oehmke's testimony as evidence of negligence by Hilton but that the jury could consider the testimony as evidence on the issue of notice of the condition of the shower and tub.

If the accidents were dissimilar, as correctly held by the district court, then Oehmke's testimony concerning the first accident of Dr. Feuer was clearly inadmissible under *Freed* to show *either* notice of a dangerous condition *or* negligence. The two accidents cannot be similar enough to show notice of a dangerous condition but not sufficiently similar to show negligence. *Freed* does not stand for such proposition. Under *Freed* Oehmke's testimony is clearly irrelevant. Because the testimony is irrelevant in the first instance, we need not reach the issue whether, if relevant, the

testimony should be nonetheless excluded as hearsay. *See* Fed.R.Evid. 402 (all *relevant* evidence is admissible except as excluded by various listed exceptions including the hearsay rules.)

For the reasons stated above, we reverse the district court and remand for a new trial.