## William B. Miller v. The Chicago & Grand Trunk Railway Company.

*Negligence—Railroad companies—Injury to employé—Fellow-servants.*

A railroad company which is not shown to have had any knowledge that an engine step, upon which one of its brakemen stepped in attempting to mount a moving engine, and was

injured, was out of repair, is not liable for negligence, it not appearing how long the step had been out of repair, and hence that the defect had existed for such a length of time as to raise a presumption of such knowledge on its part, or that the engineer, whose duty it was to see to the step, was incompetent, or not supplied with the proper tools to repair it; he being a fellow-servant of the brakeman, and the company not being liable if the step became loose by reason of his neglect.

Error to Calhoun. (Hooker, J.) Submitted on briefs January 21, 1892. Decided February 5, 1892.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*James M. Powers* and *George W. Davis,* for appellant, contended:

1. The plaintiff was injured while engaged, at the defendant's order, in service not within his employment, and in such cases the master is held liable, and it is no defense that the employé might have refused to obey the order; citing *Railway Co.. v. Bayfield,* 37 Mich. 205; *Jones v. Railway Co.,* 49 Id. 573.

2. It may be true that, in engaging in the employment of defendant as a brakeman, the plaintiff assumed the ordinary risk of being injured while climbing onto cars and engines when in motion, but he cannot be held to have assumed the extra risk occasioned by the neglect of the defendant to keep the engine and step in proper condition; citing *Hewitt v. Railroad Co.,* 67 Mich. 61.

3. The service which the plaintiff was required to perform when he was injured was of a character to require that his exclusive attention should be fixed upon it, and he was required to act promptly and rapidly, and he could hardly be expected to stop and examine this step critically before attempting to mount the engine. Good railroading required him to act as he did, and if the step had been in proper condition he would not have been injured; citing *Greenleaf v. Railroad Co.,* 33 Iowa, 52; *Roux v. Lumber Co.,* 85 Mich. 519; *Sweet v. Railroad Co.,* 87 Id. 559; *Coombs v. Cordage Co.,* 102 Mass. 572, 578.

*L. C. Stanley,* for defendant.

GRANT, J. Plaintiff, at the time of the accident complained of, was a brakeman, and in that capacity had been in the defendant's employ for about 18 months. He had also been employed upon other railroads in the same capacity. He was the rear brakeman upon a freight train. His train left Battle Creek for Chicago, with instructions to pick up a wreck at Penn Station. They reached this station about 9 A. M., and had cleared away the wreck about 2 P. M. There are two side tracks at this point. The cars of the freight train had been placed upon the south track. The engine had drawn the wrecking train part way onto the south track, leaving the rear end standing upon the main line. A passenger train was soon due from the east. The conductor instructed plaintiff to put the wrecking-cars on the north track, and to attach his engine to the west end of the freight train, so as to follow the passenger train after it had passed. In obedience to this instruction the train was backed eastward upon the main line. Plaintiff then turned the switch, stepped across the track just in front of the engine, and signaled the engineer to go ahead. He was then 10 or 15 feet away from the engine. As it came along he grasped the rod, placed his foot upon the step, and attempted to climb upon the engine. He claims that the step turned, his foot slipped, was caught under the brake-shoe, and injured.

The declaration contains three allegations of negligence:

1. The engine step was not secure.
2. It was smooth by reason of wear.
3. Part of its rim was broken off.

This step was a round plate of cast-iron, about six inches in diameter, set horizontally by a set-screw upon a vertical rod, which hung from the tender, and passed through a hole in the rim of the step. Around the

edge, except at the front, is a raised rim. The upper surface was originally provided with little points of iron to increase the friction of the foothold. The engine was manufactured by the Baldwin Company, shown by the evidence to be one of the largest and most reputable makers of engines in the United States. This step was one in common use, and, according to plaintiff's testimony, was about 18 inches above the ground. The movements of the train were under the exclusive control of the plaintiff. The engineer was subject to his orders. If it was necessary for him to climb upon the engine, he could have done so before giving the order to the engineer to move. It would have required but a few seconds for him to have done so.

At the close of the plaintiff's evidence defendant's counsel moved the court to direct a verdict for the defendant, because—

1. The plaintiff, by his own negligence, contributed to the injury.
2. No negligence was shown on the part of the defendant.

The court directed a verdict for the defendant, the learned circuit judge stating:

"I think there is an absence of apparent negligence against the company. There is nothing to show that the looseness of this step had lasted any length of time. It may have occurred right there and then, and, in the absence of such proof, verdict must be rendered for the defendant."

It is unnecessary to determine the question of contributory negligence, for, were the plaintiff free from negligence, he has failed to establish negligence against the defendant. No claim is made that the engineer was incompetent, nor that he was not supplied with the proper tools to fix the step, should it become loose or out of order. According to the plaintiff's theory and

statement, the looseness of the step, and its turning as he stepped upon it, caused the accident. There was no testimony, or offer of any competent testimony, to show how long this step had been loose. It was the duty of the engineer to see to it. The presumption is that for his own safety, if for no other reason, he would have performed his duty in this respect. It was incumbent upon the plaintiff, in order to establish a case for submission to the jury, to show knowledge of this fact upon the part of the company, or that this step had been loose so long that the company would in law have been presumed to know it. No such case was made.

The engineer was the fellow-servant of the plaintiff, and, if it were owing to his neglect that the step had become loose, the defendant would not be liable.

The learned circuit judge was correct in directing a verdict for the defendant.

The judgment is affirmed.

The other Justices concurred.