EDMOND G. REDMOND v. THE DELTA LUMBER COMPANY.

*Master and servant—Negligence—Evidence.*

1. The general rule is that negligence cannot be presumed from the mere fact of an injury, and, though it may be inferred from facts proved, it cannot be based upon guesses or conjecture; citing *Mining Co. v. Kitts*, 42 Mich. 34; *Toomey v. Iron & Steel Works*, 89 Id. 249.[1]

2. The mere fact that a machine, which is shown to have performed its accustomed work properly both before and after an accident, failed so to work on that particular occasion, is not sufficient to justify the conclusion of negligence; citing *Robinson v Wright & Co.*, 94 Mich. 283.

| 96 | 545 |
|---|---|
| 112 | 507 |
| 113 | 586 |
| 96 | 545 |
| 114 | 143 |
| 114 | 523 |
| 96 | 545 |
| d121 | 128 |
| 96 | 545 |
| 126 | 513 |
| 126 | 514 |
| 96 | 545 |
| s55ᴺ ᵂ1004 | |
| j129 | ²493 |
| 129 | ¹606 |
| 96 | 545 |
| 142 | ²412 |

Error to Schoolcraft. (Steere, J.) Submitted on briefs April 28, 1893. Decided July 26, 1893.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*J. D. Turnbull,* for appellant.

*Moore & Moore, C. W. Dunton,* and *J. W. McMahon,* for defendant.

HOOKER, C. J. The plaintiff was employed to operate a machine called a "jack," used for drawing logs into defendant's saw-mill. This jack consisted of an endless

—————————

[1] See *Porter v. Railway Co.*, 80 Mich. 156.

chain, upon which the logs were held by iron spurs, and was operated by power applied through iron gearing to one of the pulleys, upon which the endless chain ran, by means of a belt running upon a friction pulley. This belt was loose, and was designed to run the jack when it was tightened, by bringing a third and movable pulley down upon the belt, which was done by pulling down a lever. When the lever was released, the effect was to remove this pulley, thereby loosening the belt, and stopping the machine. The heavier the load upon the jack, the more power was required upon the lever to keep the jack in motion, owing to the tendency of the belt to slip upon the pulley. Logs drawn up by the jack were unloaded upon skids on either side of the jack, and from the skids to the carriages, upon which they were sawed. The skids being nearly full, plaintiff drew a log up with the jack, which, falling upon the skids, crowded another log against a log upon the saw carriage, which in some way caused one of the logs to be thrown against plaintiff, seriously injuring him. The cause of the accident appears to have been the failure to stop the jack. Plaintiff claims to have released the lever, and that the jack did not stop as it should have done.

Plaintiff's counsel contends that the failure of the machine to stop when the lever was released raises a presumption of negligence, thereby making it necessary for defendant to show an absence of negligence upon its part. On the other hand, the defendant maintains that plaintiff's failure to release the lever caused the accident. Proof was offered to the effect that the jack worked properly immediately after the accident, and the plaintiff himself testifies that it had worked properly for 60 days before and up to the time when he was hurt, when it suddenly failed to respond to the release of the lever. No

proof was offered which tended to show that the machine was out of repair, unless the testimony that it failed to work was such proof.

Counsel for plaintiff contends that, if the jury should find that the accident resulted from the failure of the machine to respond to the release of the lever, it necessarily follows that it was from abnormal causes, and that in such case the law presumes negligence, and the *onus* is upon the defendant to show the cause of the accident, or at least that it was not due to its fault. He cites a number of authorities, several of which are New York cases, to sustain his view of the law.[1] They seem to be cases of injury to passengers by carriers, or to property by warehousemen, in both of which classes of cases the defendants are under obligations to exercise a high degree of diligence. Without implying that the rule contended for is the law of this State in such cases (a matter upon which we find it unnecessary to express an opinion), the doctrine cannot be applied to the facts in this case; the general rule being that negligence cannot be presumed from the fact of the injury, and, though it may be inferred from facts proved, it cannot be based upon guesses or conjecture.

In *Quincy Mining Co. v. Kitts,* 42 Mich. 34, 41, an employé at a mine was injured by the fall of a bridge. The cause was unexplained. The Court held that, while it might be guessed or surmised that there was negligence somewhere, it did not extend beyond conjecture, and that, if the master was to be held liable under such circumstances as were disclosed by the record in that case, on mere guesses or inferences respecting the existence of fault somewhere, the rule that an employé assumes the ordinary risks of his employment would be wholly done away with. "When a

---

[1] *Curtis v. Railroad Co.,* 18 N. Y. 534; *Edgerton v. Railroad Co.,* 39 Id. 227; *Caldwell v. Steamboat Co.,* 47 Id. 282; *Seybolt v. Railroad Co.,* 95 Id. 562; 16 Amer. & Eng. Enc. Law, 453.

servant demands from his master compensation for an injury received in his service it is necessary that he trace some distinct fault to the master himself." 42 Mich. 39.

In *Hewitt v. Railroad Co.*, 67 Mich. 61, an engineer was injured in a collision with a flat car, which half an hour previous had run from a side track onto the main track, and stopped partly off the track. Various theories were suggested as to what caused the car to run from the siding, but there was no proof. In answer to special questions the jury found that the wind blew it off, and that it was not intentionally put there by any one. The Court held that, while negligence might be inferred from circumstances proved, it could not from conjecture, and set aside the verdict. See, also, *Early v. Railway Co.*, 66 Mich. 349; *Miller v. Railway Co.*, 90 Id. 230; *Robinson v. Wright & Co.*, 94 Id. 283; *Toomey v. Iron & Steel Works*, 89 Id. 249.

In the present case there is no evidence tending to show that the machinery was out of repair, unless it is to be assumed from the alleged fact that it did not stop when the lever was released. On the contrary, all of the evidence showed that immediately before and after the accident it was in working order. If there were anything to show that the machine had been out of order, and that its working was spasmodic or uncertain, there might be room for the contention that defendant was negligent in not keeping it in repair; but the mill was put in good order in the spring, and the jack had worked perfectly up to the time of the accident, clearly indicating that defendant could have had no notice that repairs were necessary. It had a man about the mill who looked after the machinery, and there was no proof that he was incompetent or neglectful. *Miller v. Railway Co.*, 90 Mich. 230. Nor is there anything to indicate that an inspection would have prevented this accident. It is contended that on a former

occasion the jack had drawn a log too far, but our atten-
tion is not called to any proof showing the cause.    We
cannot, therefore, say that there was any occasion to warn
the plaintiff "that this machinery was liable not to obey
the lever, and not work as designed."    An effort was
made to show that this accident might have been caused
by the use of rosin upon the belt, but we are pointed to
no proper evidence of such fact.

An examination of the record reveals no evidence of neg-
ligence on the part of defendant that would have justified
the circuit judge in submitting the case to the jury.

Judgment affirmed.

The other Justices concurred.