BROWN v. BRYANT.

1. NEGLIGENCE—PRESUMPTIONS—BURDEN OF PROOF.
   The mere fact that an injury has resulted from certain conduct does not establish negligence.

2. SAME—JURY QUESTION—DIRECTING VERDICT.
   Although the facts in a personal injury case may not be in dispute, if different minds may honestly arrive at different conclusions from them, the question of negligence is for the jury

3. SAME—HIGHWAYS AND STREETS—SIDEWALKS—RES IPSA LOQUITUR.
   That plaintiff was injured while passing along the street, by the falling of falsework and materials from a building in process of construction, that the employés of defendants were instructed to keep materials which were being hoisted, away from the walls, that the fall was caused by improper handling of certain materials which caught in the falsework,

tearing it loose and causing it to fall upon plaintiff, raised a presumption of negligence for which the jury might hold defendants liable.

4. PLEADING—VARIANCE—DECLARATION.

It was a material variance from the declaration and claim of plaintiff who proceeded on the theory that he was injured by the fall of materials in the street, if he was, in fact, injured in an alley opening on such street, in use by defendants for building purposes as the defendants claimed; and plaintiff was improperly permitted to recover on the theory that he was in the alley.

5. EVIDENCE—OPINION EVIDENCE—COMPETENCY.

A witness should have been permitted to testify that persons to whom he had at different times called from the fifth and sixth stories of a building heard and understood him where it was in issue whether plaintiff heard him give a warning from such place.

Error to Wayne; Murfin, J. Submitted April 4, 1911. (Docket No. 1.) Decided June 2, 1911

Case by Charles Brown against John A. Bryant and Ward A. Detwiler, copartners, for personal injuries. Judgment for plaintiff. Defendants bring error. Reversed.

*Clark, Lockwood & Bryant,* for appellants.

*Samuel G. Thompson* and *Cullen, Casgrain & Hanley,* for appellee.

OSTRANDER, C. J. The defendants, who were building contractors, erected in the year 1909, at the corner of Gratiot avenue and Brush street, in the city of Detroit, a building of steel and concrete construction, eight stories high. On the 29th day of September, 1909, work was being done upon the building upon the seventh and eighth floors. At the rear of the building is an alley, and in the alley and in Brush street adjacent to the mouth of the alley, building material was placed. The hoisting of material to the various floors of the building was done by machinery, there being a steam engine stationed in the

alley which supplied the power, and material was sent up on the outside of the building. On the Brush street side of the building, parallel with the easterly front, and about 14 feet distant from the building, a tight board fence had been erected, six feet high, and outside of this fence a temporary board walk was laid for the use of pedestrians. This fence ended a few feet beyond the northerly line of the alley, and the temporary board walk ended at the south end of the fence. The plaintiff passed from Gratiot avenue on Brush street along the temporary board walk, and at the end of it, and either in the alley itself or in the street opposite the mouth of the alley, he was struck by some material which fell from one of the upper floors of the building. Ascribing his injury to the negligent conduct of the defendants, the plaintiff brought suit against the contractors to recover his damages, and upon the trial the jury returned a verdict in his favor and upon this verdict a judgment was entered. It is claimed by the defendants that various errors occurred upon the trial which require a reversal of the judgment and a new trial. The errors assigned are considered, so far as seems to be required, in the order in which they are presented in the brief for appellants.

1. It is said that the court instructed the jury that the defendants as matter of law were guilty of negligence, when the question should properly have been submitted to the jury. The particular instruction complained about is here set out:

"The fact is undisputed in this case, gentlemen of the jury, that while being elevated from the ground to the seventh or eighth floor of this building, certain material to be used in the construction of that building that that material loosened and fell. That fact undisputed in this case, as I say, gentlemen of the jury, raises a presumption of negligence, because, if something had not gone wrong, that accident would not have happened. Now that presumption, gentlemen of the jury, may be rebutted by proper proof, but there has been no proof introduced in this case, gentlemen of the jury, to rebut that presump-

tion, and therefore you are at liberty, gentlemen of the jury, under the undisputed facts in this case, because of the falling of this material, to infer that these defendants were in the first instance negligent at that time."

Undoubtedly it is the rule that in cases of this character negligence must be proved, and to permit a recovery the negligence proved must be the negligence charged in the declaration. It is also the general rule that the mere fact that an injury has resulted from certain conduct does not establish the further fact that the conduct was negligent, and we may add a third rule, stated by counsel, which is that although the facts concerning the conduct complained about are not in dispute, if different minds may honestly draw different conclusions respecting them, the question whether there was negligence is still a question for the jury.

The testimony in this case discloses something more than that the plaintiff was injured, and something beyond the fact that he was injured by timbers falling from the building. Certain falsework was in position. The hoisting of material from the ground to the places where it was needed was a means or method used by the defendants in the construction of the building. It must be assumed that ordinarily the tearing loose of portions of the falsework was not an accompaniment of the hoisting of material; that it was not intended; and that, if it took place, it was because there was some fault or mismanagement either in the manner in which the falsework was constructed, or in the manner in which the hoisting was carried on. The testimony in this case goes further. It tends to prove that it was the duty of certain employés of the defendants to keep materials which were being hoisted away from the openings in the building, and away from the walls, and, when the material reached a proper elevation, to pull or swing it into the building, and that the particular material which was being hoisted was improperly handled in this respect by the employés whose duty it was to handle it, with the result that, while it was

still ascending under power from the steam engine, it caught and tore loose some of the falsework, which, with the material being hoisted, fell to the ground. No testimony was introduced tending to prove that the hoisting upon this occasion was properly done. The charge of the court must be considered in the light of the testimony, and, so considered, may be sustained.

2. The testimony for the plaintiff tended to prove that, when he was struck by the falling material, he was in Brush street, and the court said to the jury that if they should find that he was struck while he was in Brush street, and not in the alley, he was entitled to recover. Plaintiff testified:

"I turned to the left when I came to the alley, and was going toward the middle of Brush street. I was headed that way when I was struck. I was headed off to the left. * * * At the corner of the alley, I was going toward the middle of Brush street."

The testimony for the defendants, however, tended to prove that plaintiff walked into the alley, which was open in the daytime, or during a part of the daytime, to permit of materials being drawn in there. Upon this subject, the jury was instructed that, if the plaintiff was struck while he was in the alley, the case presented an additional matter for consideration; that the defendants had a right to erect this building and to make the use of the alley which they did make; and that the plaintiff had a right also to be in the alley. Continuing, he said:

"But, gentlemen of the jury, as he came toward the alley, if he saw this building operation going on, if he heard the engine, if he saw this material going up, and proceeding to walk into it heedlessly and carelessly, obviously he would then be guilty of such negligence on his part as would preclude his recovery. If, however, gentlemen, this did not occur to him, and he walked into that alley unconscious of the building, and nobody warned him that this material was being hoisted, nobody warned him that the place was dangerous, or, if they assumed to warn him, did not warn him properly, so that he received

no warning, and no proper precautions were taken to give him a warning, then and in that case, he was not guilty of contributory negligence and would be entitled to recover, even though this accident happened in the alley as claimed by the defendants. In other words, gentlemen of the jury, if he was warned to stay out of there and neglected their warning, he cannot now recover. If, however, they assumed to warn him and called to him, and he did not hear it, and it was not done in a way that he should have heard it, he would be entitled to recover. This, gentlemen, presents peculiar disputed facts for your consideration. There has been some testimony—

"*Judge Lockwood:* You do not mean to charge this jury that he is entitled to recover if he saw or had notice of what was going on there ?

"*The Court:* Not at all, I thought I had covered that. It is perfectly obvious that, if this man when he came into the alley saw what was going on, he needed no warning. A warning is unnecessary. In other words, if you come to a place of that description and voluntarily walk under the elevating of some material, I do not think you can afterwards be heard to complain because it falls upon you. I thought I had covered that part of the case before."

It is said of this part of the charge that the plaintiff's case as made by his declaration rests upon the fact that the plaintiff was struck while he was in Brush street; that there is no claim made either in the declaration or in plaintiff's proofs that he was in the alley at the time he was injured; that there was therefore no ground for submitting to the jury the question of the right to recover if he was in the alley. The court was requested to so instruct the jury.

Among the duties of defendants and the breaches thereof alleged in the declaration are the duty to close the alley, to erect and maintain proper signs and signboards to warn the public that the alley was a dangerous place, to forbid and warn persons of the danger of entering or passing near the alley, to maintain a lookout to warn persons of the danger. It is averred that, when plaintiff left the temporary walk, he turned to the right, or west, to reach

the regular sidewalk lying to the south of the alley. This, of course, would carry him in the direction of the alley. It is not averred, and the testimony for plaintiff, all of it, negatived the idea, that he entered the alley. It is averred that, when he was struck, plaintiff was "then and there lawfully upon said street and alley." It is evident that the case of a pedestrian traveling upon the street, as plaintiff claimed he was doing, and the case of a person entering the alley and proceeding therein for a considerable distance, as the witnesses for defendants testified the plaintiff did, are, in view of the known surroundings, very different cases in law. This is indicated in the charge of the court. We are not required to consider whether the original declaration sufficiently notified defendants that plaintiff might prove that he was in the alley when he was injured, because upon the trial, at the close of plaintiff's case, his counsel said to the court:

"I find there is a slight variance between the declaration and the ·proofs. * * * It states that the plaintiff was walking down Brush street on this narrow sidewalk, and, when he reached the end of it, he turned to the right or west. The proofs show that he turned to the left or east. It is not a very material variance.

"*The Court:* If you desire to amend, I will permit you to do so.

"*Mr. Hanley:* Very well.

"*Judge Lockwood* (counsel for defendants): The language is amended to read as follows: In the next to the last paragraph, on page 3, 'When reaching the end of said temporary sidewalk which terminated at a point coincident with the line of said alley, he turned to the left or east.'

"*Mr. Hanley:* Yes."

After this amendment was made, no one could be in doubt about the claim of the plaintiff. While no amendment was made to the declaration striking therefrom the allegations of defendants' duties with respect to barricading the alley, preventing persons from entering the same, warning such persons, keeping a lookout to warn them, etc., there was a clear election to rely upon conduct

of defendants which made it unsafe for pedestrians in the street and to stand upon the conduct of plaintiff as a pedestrian in the street. It was the case so stated that the plea of the defendants denied, and this case would be utterly disproved when it was shown that instead of being in the street plaintiff had wandered or traveled into the alley and under the material which was being hoisted. This reasoning is not answered by saying that whether plaintiff was in the alley or the street the negligence of defendants which is relied upon is the same. The relations of the parties and the relative and mutual duties owed by each to the other were quite different if plaintiff occupied one position rather than the other. His freedom from negligence in the one case would be made out by testimony wholly insufficient to excuse his conduct in the other case. We are of opinion that it was error to submit to the jury the question of defendants' responsibility if plaintiff was in the alley when he was injured. The principle applied is not different from the one stated and applied in *Batterson* v. *Railway Co.*, 49 Mich. 184 (13 N. W. 508).

3. Testimony for defendants tended to prove that, when plaintiff entered the alley, employés of defendants called to him in warning. Those calling were on the fifth and sixth floors of the building. Whether plaintiff heard them was a question in issue. The testimony of one of these employés (Sterling) to the effect that he was in the habit of calling down to people, to the engineer, and to the man tending line at the hoist, and that they heard and understood him was stricken out on motion of plaintiff's counsel. Clearly this was testimony relating to a fact within the knowledge of the witness, and was competent and material.

Other alleged errors discussed in the brief are not likely to arise upon a new trial, and are not considered.

The judgment is reversed, and a new trial granted.

BIRD, HOOKER, MOORE, and MCALVAY, JJ., concurred.