STUCH v. TOWN.

1. APPEAL AND ERROR—DIRECTED VERDICT—GROUNDS.

The direction of a verdict for defendant on one of two grounds set up in his motion will be affirmed if either ground alleged by defendant was sustainable.

2. NEGLIGENCE—HIGHWAYS AND STREETS—AUTOMOBILES.

Evidence tending to show that defendant's team ran away without the fault of the driver, colliding with plaintiff's automobile, that the horses caused the vehicle to collide with a lamp post and the bolt which held the whiffletrees to the evener came out, and the loose team dashed up the street and ran into plaintiff's car, that the harness was new, the colts properly bitted and that they had been broken about a year before and were accustomed to work and to drive to town, *held*, to sustain the trial court in directing a verdict for defendant.

Error to Allegan; Cross, J. Submitted November 13, 1913. (Docket No. 121.) Decided January 5, 1914.

Case by LaFayette F. Stuch against Frank Town for damages to plaintiff's automobile. Judgment for defendant upon a directed verdict. Plaintiff brings error. Affirmed.

*Clare E. Hoffman,* for appellant.

*Charles Thew,* for appellee.

BROOKE, J. On January 9, 1913, plaintiff was the owner of an automobile. His son had driven it upon the streets of the city of Allegan and had left it standing in proper position near the sidewalk in front of plaintiff's office. The automobile was not, at the time, equipped with a license plate for the year 1913, as required by subsection 1 of section 3, Act No. 318,

Public Acts of 1909 (2 How. Stat. [2d Ed.] § 2487).
Upon the same day defendant was the owner of a
team of horses, which were being driven by one Gar-
ton, an employee of defendant, upon the streets of
said city. The team was young and spirited. One
horse had been broken by Garton in the spring of
1912, and both had been constantly used during the
summer and fall upon the plow, drag, mower, and
wagon in the performance of all sorts of farm work.
They were usually driven to town once or twice each
week. While being worked during the summer they
were driven with straight, smooth bits. When the
cold·weather came on these were changed, and a
jointed bit was used upon one and a wire bit upon the
other. On the day in question, Garton, accompanied
by his wife and a young man named Wilcox, was driv-
ing the team hitched to a pair of bobsleighs down a
long hill in or near Allegan. When part way down
the hill, the off horse without any apparent cause
jumped, and a moment later the other horse com-
menced to run. Garton attempted to hold them, but
was unable to get them under control. He called to
Wilcox for help, and both men threw their entire
weight upon the lines, but the team continued to run.
They crossed a bridge and turned upon one of the
business streets of the city. Seeing a rig in front of
them, Wilcox drew the team to the left to avoid it.
The sleigh came into collision with a six-inch gas-
lamp post, the bolts which held the whiffletrees to the
evener came out, and the team, freed from the sleigh,
dashed up the street. When near plaintiff's automo-
bile they swerved to the right, colliding with the auto-
mobile and causing the damage, to collect which this
suit is brought.

There is no evidence in the record that Garton was
not a careful, prudent, and competent driver, nor that
he did not use every means in his power to stop the
runaway team. Nor is it shown that any of the

equipment was defective. It affirmatively appears that while the team was young and of "good life," they had never before run away. They were driven on the day in question with a new set of harness, and with the same whiffletrees and evener with which they had been used (without trouble) during the previous summer and fall. The bits in use were, in the opinion of Garton, sufficiently severe and there is no evidence to the contrary.

At the close of plaintiff's case a motion was made by defendant that a verdict be directed in his favor upon two grounds: *First*, because plaintiff had failed to introduce any evidence tending to prove negligence on the part of defendant; and, *second*, because plaintiff, through his failure to comply with the law in respect to the license, had placed himself in a position where he could not maintain his action. The court directed a verdict for defendant apparently upon the latter ground, and, upon request of plaintiff, refused to pass upon the first ground.

Upon the second point defendant cites the following authorities: *Doherty* v. *Inhabitants of Ayer*, 197 Mass. 241 (83 N. E. 677, 14 L. R. A. [N. S.] 816, 125 Am. St. Rep. 355); *Dudley* v. *Railway Co.*, 202 Mass. 443 (89 N. E. 25, 23 L. R. A. [N. S.] 561); *Feeley* v. *City of Melrose*, 205 Mass. 329 (91 N. E. 306, 27 L. R. A. [N. S.] 1156, 137 Am. St. Rep. 445); *Bourne* v. *Whitman*, 209 Mass. 155 (95 N. E. 404, 35 L. R. A. [N. S.] 701); *Chase* v. *Railroad Co.*, 208 Mass. 137 (94 N. E. 377). Plaintiff, upon the same proposition refers to the following cases, among others: *Messer* v. *Bruening* (N. D.), 142 N. W. 158; *Hughes* v. *Steel Co.*, 136 Ga. 511 (71 S. E. 728, 36 L. R. A. [N. S.] 547, Ann. Cas. 1912C, 394); *Lindsay* v. *Cecchi* (Del.), 80 Atl. 523 (35 L. R. A. [N. S.] 699); *Crossen* v. *Railway Co.*, 158 Ill. App. 42; *Shaw* v. *Thielbahr*, 82 N. J. Law, 23 (81 Atl. 497); 28 Cyc.

p. 1417. And, as bearing upon the principle involved, the following: *Cook* v. *Johnston,* 58 Mich. 437 (25 N. W. 388, 55 Am. Rep. 703) ; *Richards* v. *Waltz,* 153 Mich. 416 (117 N. W. 193) ; *Syneszewski* v. *Schmidt,* 153 Mich. 438 (116 N. W. 1107) ; 1 Cooley on Torts (3d Ed.), 269-277.

The authorities upon the question are not in harmony. We have found it unnecessary to determine the issue raised, for the reason that we are of opinion that defendant's motion should, in any event, have been granted upon the first ground. If the trial court should have directed a verdict upon either ground urged, the judgment will not be disturbed. *Benson* v. *Bawden,* 149 Mich. 584 (113 N. W. 20, 13 L. R. A. [N. S.] 721).

While ordinarily the question of the negligence of defendant is for the jury, where the evidence is such that reasonable minds could not honestly draw different conclusions from the facts in the record, it is a question to be determined by the court. *Scharman* v. *Bridge Commission,* 158 Mich. 77 (122 N. W. 1098, 123 N. W. 1106) ; *Brown* v. *Bryant,* 166 Mich. 180. (131 N. W. 577).

The testimony (which stands uncontradicted) should be given the greatest probative force it will reasonably bear. With this principle in mind we have carefully examined the record, and have reached the conclusion above stated.

The driver was not shown to have been either careless or inefficient. It appeared that he used every possible effort to control the team. There was no proof that any of the appliances were defective, and none of them gave way, until the sleigh struck the lamp-post, when disaster was inevitable. The fact that the clevis bolts holding the whiffletrees to the evener came out at this point, and so released the team from the sleigh, is immaterial. Had they not

done so, something would certainly have broken, with the same result.

The judgment is affirmed.

McALVAY, C. J., and KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred. MOORE, J., did not sit.