## PORTER *v.* LA RUE.

### *In re* BROWER'S ESTATE.

1. WILLS—UNDUE INFLUENCE—EVIDENCE—DIRECTED VERDICT.

In proceedings contesting a will on the ground of undue influence, the question is not so much a question of law as it is of fact, but where there was no competent evidence of undue influence it was not erroneous for the court to take the question from the jury.

2. SAME—COMPETENCY—INSTRUCTIONS.

Where the court properly instructed the jury as to the degree of competency requisite to make a will, it was not objectionable to also charge that "the right to make a will is a sacred right, and ought not to be frittered away by imagination or uncertain testimony," and it cannot be said that such language gave the impression to the jury that in the opinion of the court the evidence on the part of the contestant was purely imaginary and wholly uncertain.[1]

Error to Berrien; Bridgman, J. Submitted June 7, 1916. (Docket No. 26.) Decided July 21, 1916.

Arthur Porter, as executor, presented for probate the last will and testament of Addie Porter Brower, deceased. The will was allowed in the probate court, and Thomas E. La Rue appealed to the circuit court. Judgment for proponent. Contestant brings error. Affirmed.

*Willard J. Banyon* and *G. M. Valentine,* for appellant.

*Will R. Stevens,* for appellee.

[1] For authorities passing on the question of what constitutes competency or incompetency to make a will, see comprehensive note in 27 L. R. A. (N. S.) 2, and also note in 3 L. R. A. (N. S.) 172.

MOORE, J. Early in 1915 Mrs. Brower, then about 55 years of age, made her will. She bequeathed to the Methodist Church $100, to each of five persons $100, to her son Thomas La Rue $200, and to her nephew $300. The probating of the will was contested by her son upon (1) the ground of undue influence, and (2) mental incompetency. The case was submitted to a jury, which found in favor of the will. The case is brought here by appeal.

The trial judge took the question of undue influence away from the jury. This is said to be error, counsel citing 40 Cyc. title "Wills," p. 1170, *Wilson* v. *Parker*, 130 Mich. 638 (90 N. W. 682), and other authorities. This feature of the case is not so much a question of law as it is of fact. We have examined this record with care, and do not find any competent evidence of undue influence. *Clark* v. *Ulrich*, 153 Mich. 695 (117 N. W. 329), and the cases cited therein; *In re Shepard's Estate*, 161 Mich. 441 (126 N. W. 640); *In re Woodworth's Estate*, 162 Mich. 683 (127 N. W. 808).

Complaint is made of that part of the charge reading as follows:

"Gentlemen of the jury, the right to make a will is a sacred right, that ought not to be frittered away by imagination or uncertain testimony. A man has a right to dispose of his property in any way he sees fit, give it to whom and where he pleases, even to the disregard, if he sees fit, of his own blood relatives. He has a right to make such a will, if he is mentally competent and knows what he is doing and is not unduly influenced."

It is said this language gave the impression to the jury that in the opinion of the court the evidence on the part of the contestant was purely imaginary and wholly uncertain. Other portions of the charge were as follows:

"It is essential to the exercise of the power to make a will that the testatrix shall understand the nature of

the act she is doing, and that she shall be able to comprehend and appreciate her relationship to others who might or ought to be the objects of her bounty, and that nothing shall so far influence her will in disposing of her property as to bring about a disposition of it, which, if her mind had been sound, would not have been made.   *   *   *   It is essential to the exercise of the power to make a will that the testatrix be able to comprehend and appreciate her relations to others who may or ought to be the objects of her bounty, and that no disorder of the mind shall so far poison her affections and prevent her sense of right, or prevent the exercise of her natural faculties, as to render her incapable of such comprehension and appreciation, and to bring about a disposition of her property, which, if her mind had been sound, would not have been made."

The charge was much longer than what we have quoted, and was a correct statement of the law applicable to the case. The case was tried with care. We find no reversible error.

The judgment is affirmed, with costs to appellee.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, BROOKE, and PERSON, JJ., concurred.