MASSACHUSETTS BONDING & INSURANCE CO. *v.* PARK.

1. NEGLIGENCE—PRESUMPTIONS—ACCIDENTS.

No presumption of negligence is raised by the mere happening of an accident, or proof of injury resulting therefrom.

2. JUSTICES OF THE PEACE—CERTIORARI—SCOPE OF REVIEW.

The circuit court, on certiorari to a justice's court, where the contention is made that there is no evidence of negligence of the defendant, may review the evidence to see whether such contention is correct, and, if correct, it may reverse the judgment, but otherwise it must affirm the judgment.

Error to Wayne; Law, J., presiding. Submitted April 5, 1917. (Docket No. 52.) Decided July 26, 1917. Rehearing denied December 28, 1917.

Case in justice's court by the Massachusetts Bonding & Insurance Company against Ross A. Park for the negligent breaking of a window. There was judgment for plaintiff and defendant appealed to the circuit court by writ of certiorari. Judgment dismissing writ. Defendant brings error. Reversed.

*Rupert A. Bell,* for appellant.

*Monaghan, Monaghan, O'Brien & Crowley,* for appellee.

BROOKE, J. This case was tried in justice's court. The justice's return to the writ of certiorari contains the following:

"On the trial of said cause, Russell Grover, John Slazinski, and Harry K. Curtis, witnesses sworn on the part of the plaintiff, testified that Joseph Skrzycki was the owner of the store located at 404 East Canfield avenue, Detroit, Mich.; that he leased the store to the witness John Slazinski; that Slazinski was in possession of the store upon June 20, 1916; that the Massachusetts Bonding & Insurance Company had previously insured Skrzycki for any breakage to the plate glass windows in the front of said store; that on the date mentioned defendant was driving his automobile in front of this store and as he passed it one of the wheels from his automobile flew off * * * and struck the plate glass window in front of the store. The cost to replace the window was $16.38. The Massachusetts Bonding & Insurance Company, as insurer for Skrzycki, paid the bill and took an assignment of Skrzycki's claim against defendant Park. A copy of the assignment is included in the petition for the writ of certiorari. This suit was then brought by the Massachusetts Bonding & Insurance Company against the defendant, Park, in which it was asserted that Park was indebted to the Massachusetts Bonding

& Insurance Company, as assignee, for the damage done to this window. Three witnesses sworn for the plaintiff testified to the facts above related and presented to my satisfaction a *prima facie* case of negligence on the part of the defendant, Park. And thereupon the plaintiff rested its cause. And Ross A. Park, witness sworn on the part of the defendant, testified that he was driving his automobile at the place above mentioned, and that a rear wheel of his machine flew off from the axle and went into the window of the store, breaking it. He also testified that he had made a casual examination of the wheel before the accident, but in my judgment he did not bring sufficient evidence to satisfy me that he had made a reasonable inspection of the wheels of his automobile prior to the date of this accident. Testimony was likewise introduced to the effect that the defendant Park had made a settlement with the tenant for the damage done to merchandise that was contained in the window of this store."

The learned circuit judge who heard the case at circuit made the following order:

"It is ordered that the writ of certiorari issued on behalf of the defendant in above cause be dismissed, and the same is hereby dismissed, with costs to plaintiff, for the reason that the return of the justice shows that there was sufficient testimony offered and received before him to raise a question of fact as to the negligence of the defendant, and, the justice having passed upon this issue of fact, his determination cannot be reviewed on certiorari."

We are of opinion that the justice of the peace was in error in holding that the testimony introduced before him presented a *prima facie* case of negligence on the part of the defendant. As we read the testimony, there is nothing therein beyond the mere happening of the accident and consequent injury upon which to predicate negligence. We have frequently held that the mere happening of an accident, or proof of injury resulting therefrom, raises no presumption of negligence. *Hewitt* v. *Railroad Co.*, 67 Mich. 61

(34 N. W. 659) ; *Toomey* v. *Steel Works,* 89 Mich. 249
(50 N. W. 850) ; *Robinson* v. *Wright & Co.,* 94 Mich.
283 (53 N. W. 938) ; *Redmond* v. *Lumber Co.,* 96
Mich. 545 (55 N. W. 1004) ; *Perry* v. *Railroad Co.,*
108 Mich. 130 (65 N. W. 608) ; *Stuch* v. *Town,* 178
Mich. 477 (144 N. W. 833) ; *Barger* v. *Bissell,* 188
Mich. 366 (154 N. W. 107).

We are likewise of opinion that the learned circuit
judge was in error in holding that, where the return
of the justice shows that there was sufficient testi-
mony offered and received before him to raise a ques-
tion of fact as to the negligence of the defendant, and
the justice having passed upon this issue of fact, his
determination cannot be reviewed on certiorari, where,
as in the case at bar, the claim of defendant appellant
is that there is absolutely no evidence of negligence.
In the early case of *Elliott* v. *Whitmore,* 5 Mich. 532,
it is said:

"With the correctness of the judgment, so far as it
is dependent upon the evidence, this court has nothing
to do. The circuit court, in virtue of its statutory
jurisdiction, has power to inquire into the evidence
exhibited in the justice's court, and to give judgment
as the right of the matter may appear."

This case appears to have been modified by the de-
cision of this court in *Berry* v. *Lowe,* 10 Mich. 9, the
headnote to which is as follows:

"On certiorari to a justice's court, if the error al-
leged is a total want of evidence to prove some fact
necessary to sustain the judgment, the circuit court
should look into the testimony to see whether there was
such evidence or not. If there was, it should not weigh
it, or inquire into its sufficiency, but affirm the judg-
ment. If the return shows no such evidence, and it
appears that all the testimony before the justice has
been returned, the judgment should be reversed, on
the ground that the justice erred, in law, in rendering
the judgment he did without such evidence."

197—Mich.—10.

See, also, *Hyde* v. *Nelson*, 11 Mich. 353; *Welch* v. *Bagg*, 12 Mich. 41; *Bullock* v. *Ueberroth*, 121 Mich. 293 (80 N. W. 39).

The judgment is reversed, but, inasmuch as there is but $16.38 involved, no costs will be allowed appellant.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.