FULLER v. ANN ARBOR RAILROAD CO.

1. MASTER AND SERVANT — INJURIES TO SERVANT — PLACE TO WORK—NEGLIGENCE.

Plaintiff, a car repairer, by throwing a wrench on the car on which he was at work, struck a torpedo lying there, which exploded, injuring him. He recognized it as one of the torpedoes used by defendant, his employer, but did not know and had not been able to learn how it happened to be there, or who put it there, and had never seen one there before. Held, that the master was not liable as for failure to furnish a safe place to work.

2. TRIAL—DIRECTION OF VERDICT—EVIDENCE.

A verdict should be directed for defendant where, under the evidence, the jury cannot find against him without basing their finding on a pure guess as to which one of several possible causes produced a certain result.

3. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE OF MASTER—RES IPSA LOQUITUR.

In suits brought by employés against employers to recover damages for personal injuries, the occurrence of the accident raises no presumption of negligence on the part of the employer.

Error to Shiawassee; Smith, J. Submitted June 13, 1905. (Docket No. 3.) Decided July 21, 1905.

Case by William Fuller against the Ann Arbor Railroad Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

*T. W. Whitney* (*Alexander L. Smith*, of counsel), for appellant.

*Watson & Chapman*, for appellee.

CARPENTER, J.   Plaintiff brought suit to recover compensation for personal injuries. In the court below he recovered a verdict and judgment. The facts are these:

Plaintiff was a car and truck repairer in defendant's employ, working in its Owosso yards. While repairing a car truck, he threw a wrench on the car. The wrench struck a torpedo lying on the car, the torpedo exploded, and plaintiff was injured. Plaintiff testifies that he recognized the torpedo as one of those used by defendant. He did not know how the torpedo happened to be on the car or who put it there, never had seen one there before, and never could learn from any one how this got there. Defendant contended in the court below, and contends here, that from this testimony no inference of negligence could be drawn, and therefore that the trial court erred in not directing a verdict for defendant.

If defendant is responsible for plaintiff's injuries, it is so responsible because it failed in the duty it owed plaintiff to furnish him a safe place in which to work. Defendant's obligation as an employer, to furnish to plaintiff, as an employé, a safe place in which to work is an obligation, not of insurance, as urged by plaintiff's counsel, but of diligence. This obligation was performed if defendant exercised due care. Defendant is not liable, therefore, unless it was guilty of some neglect. It is not liable unless the presence of the torpedo on the car resulted from defendant's negligence. There is no evidence of this negligence unless that negligence may be inferred from the fact that the torpedo was on the car. Of course, it is possible that the torpedo may have been placed on the car

under such circumstances as to make the conduct of defendant in failing to remove it negligent. There is nothing, however, to indicate this. It may have been placed there by a fellow-servant or by a trespasser only a short time before plaintiff's injury. If so, it is clear that no liability would be imposed upon defendant. It is obvious, therefore, that the verdict in this case rested upon nothing but bare conjecture. A verdict should have been directed in defendant's favor, unless a jury may, without any evidence whatever, guess which one of several possible causes produced a certain result. This, we have held, they cannot do. See *Marquette, etc., R. Co.* v. *Kirkwood*, 45 Mich. 51; *Smith* v. *Hockenberry*, 138 Mich. 129. It may also be said that our decisions ( see *Toomey* v. *Steel Works*, 89 Mich. 249; *Quincy Mining Co.* v. *Kitts*, 42 Mich. 34; *Robinson* v. *Charles Wright & Co.*, 94 Mich. 283) holding that, in suits brought by employés against employers to recover damages for personal injuries, the occurrence of the accident raises no presumption of negligence, are decisive against plaintiff's right to recover. It follows that the learned trial judge erred in refusing to direct a verdict for the defendant.

Judgment reversed, and a new trial ordered.

MCALVAY, GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.