# JANUARY TERM, 1914.*

---

### MERO v. MICHIGAN CENTRAL RAILROAD CO.

1. APPEAL AND ERROR — COMMON CARRIERS — COMPARATIVE NEGLI-GENCE—BRIEFS—PRACTICE OF SUPREME COURT.

   The instructions of the trial court, in a personal injury case, that the rule of comparative negligence had no application to a servant on a boat which was out of commission and was not in use for purposes of transportation at the time plaintiff was injured, eliminated that question from the case so that defendant appellant need not refer to the claim and ruling in its brief.

2. MASTER AND SERVANT—DIRECTED VERDICT—INCONSISTENT POSI-TIONS—EVIDENCE.

   Plaintiff's testimony being contradictory, and his stories of the manner of injury irreconcilable, the trial court erred in submitting the issue to the jury, permitting them to guess which story was correct, where under one set of facts plaintiff could not recover.

3. SAME—LIGHTING STAIRWAYS—ASSUMPTION OF RISK.

   Where an employee who had been cleaning boilers in a ship knew that no other men were present and the lighting system was not working, he assumed the risk of attempting to proceed down the hatchway or steps between decks in the dark after having an opportunity to discover its condition as to darkness.

Error to Wayne; Mandell, J. Submitted April 16, 1913. (Docket No. 75.) Decided March 28, 1914.

Case by Joseph Mero against the Michigan Central Railroad Company for personal injuries. Judgment

---

for plaintiff. Defendant brings error. Reversed; new trial denied.

*J. W. Dohany (Frank E. Robson* and *Henry Russel,* of counsel), for appellant.

*Thomas J. Mahon,* for appellee.

McALVAY, C. J. Plaintiff recovered judgment in this case for damages for personal injuries claimed to have been caused on account of the negligence of defendant. By a writ of error defendant has brought the case to this court for review. The statement of facts contained in the brief of appellant is not questioned except by suggesting an omission to which we will refer later.

The injury complained of occurred upon one of the transfer boats of defendant company, all of which had gone out of commission by reason of opening its tunnel under the Detroit river and were laid up. Plaintiff had been employed by defendant principally as a fireman upon its transfer boats at Detroit for 30 years, and at the time of the accident was engaged with others for some days previous in cleaning out the boilers and painting the fire boxes of these boats. These boats had been used by defendant in transferring cars across the Detroit river. He had previously worked on this steamer one night as fireman. On the day previous to his accident plaintiff went on board this steamer "Detroit" to prosecute such work, and so continued during the entire day. In going to and from such work on that day he used one of the four similar stairways with which this boat is provided to reach the lower deck where the boilers were located. On the following day, October 20th, he came to this steamer at 6 o'clock, after full daylight, on a bright morning and before any others of the men had arrived. The work began at 6:30 in the morning. He went aboard, opened the door to one of the stairways,

and proceeded to descend from the upper, or main, deck to the place of his employment on the lower deck, which is reached by stairs first to the midship deck and from there down to the lower deck. While so proceeding down this stairway he fell and was injured.

The only question of negligence charged and relied upon by plaintiff which the trial court left with the jury was the claimed negligence of the defendant company in not furnishing lights at that time upon the stairway. There was no evidence in the case that the vessel was not properly equipped with proper appliances, or that this stairway, or deck, or any of the equipment was faulty or defective in any degree. The omission above referred to from the statement of facts, claimed by the appellee, relates to the second count in plaintiff's declaration, where he relied upon sections 1 and 2 of Act No. 104, Pub. Acts 1909 (2 How. Stat. [2d Ed.] §§ 4110, 4111), relative to the liability of common carrier railroad companies for injuries to employees caused by the carrier's negligence, and the rule of comparative negligence established by such act. The trial court held that this vessel had gone out of commission, and therefore the rule of comparative negligence had no application to this case, and so charged the jury, which made it unnecessary for the defendant to refer to it in its statement of facts.

When this injury occurred, plaintiff was the only person on board the steamer. He was, therefore, the only witness who testified to the circumstances under which the injury to him occurred. He testified that after he had proceeded part way down this stairway from the main deck, the door he had opened closed behind him and left him in the dark, that he proceeded down the stairs in safety until he came to the midship deck and was carefully feeling his way to

find the stairs leading to the lower deck, and, coming upon the opening unexpectedly, fell down the whole length of this stairway to the lower deck before he had taken a single step down the stairs. On cross-examination, after a recess, he gave another version of the circumstances surrounding this accident, and testified that he had located the stairway leading down from the midship deck and had gone down three steps in safety when he fell the entire distance to the lower deck, which his testimony shows he knew was nine or ten feet below the midship deck. He explains his fall by saying that he thought he had reached the bottom of the stairs, because there were three steps down on the stairs of the steamer "Transfer" where he had worked. He had in fact fallen about eight steps.

At the close of plaintiff's case a motion was made on the part of defendant to direct a verdict in its behalf, that no negligence of defendant had been shown, and that the negligence, if any, was on the part of plaintiff. The motion was denied, and an exception taken.

The errors assigned and relied upon by defendant relate to the refusal to grant the foregoing motion, to refusing certain requests to charge, and to certain portions of the charge of the court as given. Such of the assignments of error will be considered as are important and determinative of the questions raised by appellant.

It is contended that the court was in error in submitting to the jury the two versions testified to by plaintiff as to how the accident happened. That two such versions were given by plaintiff and that they are irreconcilable is beyond dispute. The court, in charging the jury relative to the testimony of plaintiff, which was all the testimony as to the occurrence, had stated how he had gone down the stairs to the midship deck, and then proceeded to give his two versions of what occurred afterwards, as follows:

"What occurred after that you will have to determine, because it is left in considerable doubt by reason of the contradictory statements made by the plaintiff, and the whole case as to what occurred after he got on the half deck is left in considerable doubt, and from the very nature of things, that he was the first man there and that there were no other men there, there is no other witness to the accident except himself, and his case must stand or fall upon what you believe to be the truth from the statement he has made."

The court then related plaintiff's first statement, that in seeking for the stairs in the darkness he fell through the opening of the stairway into the hold of the vessel, and proceeded as follows:

"That is one story that he has told, and he has told another story. He has told the story that he had reached this place, that he started to go down the second stairway from the half deck to the lower deck and that after he had descended some two or three steps he slipped and stumbled and went down and then sustained the injuries of which he complained in this case. I charge and instruct you as a matter of law that if he had started to descend from this half deck to the lower and slipped in some way, either through his own carelessness or the slipperiness of the deck, he cannot recover. So the question of recovery will depend entirely upon what you believe from the story he has told which I think I am justified in saying is somewhat of a contradictory story. What you believe after seeking all, and hunting through all, his testimony to see what the truth is will depend upon what the circumstances were just prior to the time he started to fall and upon the determination of the question whether he did fall before (after) he started to descend, or prior to it."

Appellant contends that each of these contradictory stories of the plaintiff which were submitted to the jury by the court left the jury to guess and speculate that the accident happened in one of two ways as testified to by plaintiff, and insists that under the evidence in the case upon this question the trial court

should have directed a verdict for defendant. It has been repeatedly held by this court that a jury should not be left "to attribute to a particular cause an injury which may as well be attributable to another." *Fuller* v. *Railroad Co.*, 141 Mich. 66 (104 N. W. 414), and cases cited. In the instant case there was no evidence how this accident occurred except the two theories testified to by plaintiff, and the jury was left to speculate and guess that one was correct and the other incorrect. In our opinion the case is within the decisions of this court which deny the right of the jury to arrive at a verdict in this way. The court was in error in submitting the case to the jury and should have directed a verdict in favor of defendant as requested.

It is further contended that in any event, under the evidence, plaintiff could not recover, on the ground that he had assumed the risk. The record shows that this steamer was not at the time of this accident to plaintiff engaged in commerce, but that it had gone out of commission, and plaintiff and the other workmen were at this time engaged in cleaning and laying up its boilers and machinery. Plaintiff knew this, and also knew that when he went on board the morning of his injury there were no fires under the boilers and that the electric lighting system with which the steamer was equipped was not in operation. From his testimony it appears that when he had proceeded from the main deck to descend to the place of his work, after the door to the stairway which he had opened had closed, while he was on the stairs, he realized that he was not able to see by reason of the want of light. His testimony is that there was no light below, and that he could see no light at all, and that he proceeded and the injury occurred as has already been stated. He had gone down one of these stairways the morning before. His testimony shows

that he had spent many years in the employment of defendant upon some of these transfer boats, and that during practically his whole mature life he had been employed upon steam vessels as a fireman. His testimony shows that he knew there were no other men upon the boat at the time, and that he expected to go down to the lower deck and wait until they arrived. As far as the record shows he was a man of ordinary intelligence. When, after plaintiff had gone down this stairway but a few steps toward the midship deck, and the door closed behind him, and he realized that he was in the dark, he chose to proceed down this stairway to the lower deck with knowledge that there was no light anywhere below, it must be held that he assumed the risk of any injury resulting from the absence of light. The learned trial judge at the close of taking testimony in the case, in finally denying the motion to instruct a verdict for the defendant, and also later in his charge to the jury, recognized that this doctrine of assumed risk here invoked was applicable, if he had started to go down the stairway from the midship deck to the lower deck and fell after he had gone down two or three steps.

The court was in error in not so holding and instructing a verdict on that ground in favor of defendant, as requested.

The judgment of the circuit court is reversed, and, as no different testimony could be produced at another trial, no new trial is granted.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.