BEACH v. MICHIGAN CENTRAL RAILROAD CO.

MASTER AND SERVANT—DEATH—RAILROADS — PERSONAL INJURIES—NEGLIGENCE—CARRIERS—EVIDENCE.

Evidence, in an action for negligence resulting in the death of defendant's brakeman, *held*, insufficient to remove the cause from the field of conjecture as to the manner and cause of decedent's death.

Error to Wayne; Hosmer, J. Submitted January 21, 1914. (Docket No. 49.) Decided June 1, 1914.

Case by August Beach, administrator of the estate of Louis Beach, deceased, against the Michigan Central Railroad Company for the negligent killing of decedent. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Clarence P. Milligan* and *Harry C. Milligan,* for appellant.

*J. W. Dohany (Henry Russel* and *Frank E. Robson,* of counsel), for appellee.

MOORE, J. Louis Beach, the plaintiff's decedent, was employed by the defendant as a freight brakeman, and was injured on the night of April 19, 1910,

at Ypsilanti, dying at the Railroad Sanitarium at the city of Detroit, where he was taken a few hours after the accident, from the injuries received. The above suit was instituted by his father to recover damages. From a directed verdict in favor of defendant at the close of the testimony for plaintiff, the case is brought here by writ of error.

The claim of counsel for appellant is summarized as follows in the brief:

"There were no eyewitnesses to the accident. There was no contention that decedent was negligent in the case as it stood when verdict was directed. The law is settled that in the absence of eyewitnesses the deceased will be held to have been in the exercise of due care. See *Gilbert* v. *Ann Arbor Railroad*, 161 Mich. 73 [125 N. W. 745].

"On the question of the negligence of defendant we are confident in stating that we produced substantial proof, certainly more than a scintilla of evidence, which was unanswered in the slightest degree when verdict was directed. We offered testimony to show, *first*, decedent was on the top of the car braking the same in the line of his duty when last seen before the accident; *second*, that the other car was shunted down in a hurried, violent, and careless manner so that it struck his car with more than usual force and noise and drove it 1,000 feet to the derailer and off the track, with brakes partly on; *third*, that deceased was found immediately thereafter beside the track, not run over, but crushed and injured such as a fall from a car would do; *fourth*, that the circumstances were such as to cause the engineer of the freight to hurry with the work, *i. e.*, the necessity of clearing the line for the passenger train. Even if there was negligence proven on behalf of both under the act suit was brought, the question would still be one for the jury."

The trouble with this contention is that there is a dearth of facts disclosed by the record upon which to base it. It is shown that deceased was in the employ of the railroad company; but it is not shown how many persons were in the crew in charge of the

freight train at Ypsilanti, nor is it shown whether there was one brakeman or more. While it was shown that there was a lantern upon the first car, which was switched upon the side track, it is not shown that deceased carried that lantern, or that he was upon that car. While it was shown that one or more other cars were sent in on the switch, it is not shown whether a brakeman was or was not on the car or cars so sent in. While the cars were heard to come together, it is not shown whether decedent was on either of the cars, and as the result of the impact was thrown to the ground, or whether he was already on the ground, and while there was injured. The cause of his injury is entirely in the field of conjecture. The case is within *Manning* v. *Railway Co.*, 105 Mich. 260 (63 N. W. 312) ; *Fuller* v. *Railroad Co.*, 141 Mich. 66 (104 N. W. 414) ; *Micari* v. *Stone Co.*, 154 Mich. 362 (117 N. W. 939).

Judgment is affirmed.

McALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.